# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS JONATHAN BONZALEZ BECERRA,<br><br>Plaintiff,<br><br>vs.<br><br>ICE OFFICER, SAN YSIDRO DETENTION CENTER, OTAY MESA DETENTION CENTER, DO DUMO, SHIELDS,<br><br>Defendants. | Case No.: 3:24-cv-0070-JAH-KSC<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)** |

## I.   INTRODUCTION

Plaintiff, Carlos Johnathan Gonzalez Becerra ("Plaintiff" or "Becerra", a federal detainee proceeding *pro se*, has filed a civil action, along with a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. Although Plaintiff's Complaint is on a from for civil actions pursuant to 42 U.S.C. § 1983, because he is a detainee in federal custody and has named federal actors as defendants, the Court liberally construes Plaintiff's claims to arise under *Bivens v. Six Unknown Agents of Federal Narcotics Bureau*, 403 U.S. 388 (1971). *See Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2 (2006) (describing *Bivens* as the

"federal analog" to § 1983).  For the reasons discussed below, the Court DENIES Plaintiff's IFP motion and dismisses the action pursuant to 28 U.S.C. § 1915(g).

## II.  IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350 fee, and those not granted leave to proceed IFP must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

### A.  "Three Strikes" Provision

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.") "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (citations omitted, alternations in original), "even if the

district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. That is the case here.

**B.     Prior "Strikes"**

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Based on a review of its own dockets, the Court finds that Plaintiff Carlos Jonathan Gonzalez Becerra, while incarcerated, has had at least four prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1)  *Gonzalez Becerra v. Fisher,* No. 18-cv-06814-MWF-PJW (C.D. Cal. Sept. 5, 2018) (Order Denying IFP and Dismissing Complaint as "frivolous, malicious or fail[ure] to state a claim") [ECF No. 6]) (strike one);

(2)  *Gonzalez Becerra v. San Bernardino Cnty., et al.*, No. 20-01987 (9th Cir. May 22, 2020) (Dismissing Appeal as Frivolous [ECF No. 9]) (strike two);

(3) *Gonzalez Becerra v. Santa Ana Jail*, No. 20-cv-0622-JAK-MRW (C.D. Cal. Aug. 21, 2023) (Order Denying IFP and Dismissing Complaint as "frivolous, malicious or fail[ure] to state a claim" [ECF No. 9]) (strike three);

(4) *Gonzalez Becerra v. Santa Ana Jail, et al.*, No. 23-cv-01656-JAK-MRW (C.D. Cal. Sept. 15, 2023) (Order Denying IFP and Dismissing Complaint for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) [ECF No. 4]) (strike four).

Accordingly, Plaintiff has accumulated at least four "strikes" as defined by § 1915(g).

## C.    Imminent Danger of Serious Physical Injury

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). The Court has reviewed Plaintiff's Complaint and concludes it contains no "plausible allegations" to suggest Plaintiff faced "'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See id.*; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (stating that "court permission to proceed IFP is itself a matter of privilege and not right").

## III.   CONCLUSION AND ORDER

Good cause appearing, the Court:

1. **DENIES** the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) [ECF No. 2];

2. **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $405 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

3. **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3), and

4. **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED.**

DATED: March 11, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE